**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 18-162 |
| | ) |
|   v. | |
| | |
| LATISHA BUTLER | |

**OPINION AND ORDER**

**SYNOPSIS**

On August 14, 2019, Defendant pleaded guilty to one Count of violating 18 U.S.C. § 922(g)(1).  On December 18, 2018, she was sentenced to a term of imprisonment of 24 months, followed by a two-year term of supervised release. Per the Bureau of Prisons inmate locator, Defendant is presently housed at FPC Alderson in West Virginia, and her projected release date is October 2, 2021.  Defendant filed a pro se Motion seeking compassionate release pursuant to 18 U.S.C. § 3582.[1]  Subsequently appointed counsel did not supplement Defendant's Motion, and the Government has responded.  Counsel filed a Reply on Defendant's behalf.  For the following reasons, Defendant's Motion will be denied.

**OPINION**

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[2]  According to pertinent application notes, circumstances that might constitute extraordinary and compelling reasons include "a serious physical or medical condition."  Id. at

---

[1] Defendant also filed a Motion to Expand the Record, which will be granted. The Court has considered all of Defendant's submissions.

[2] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.

comment. n. 1(A), (C)). In addition, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii).   To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus. See, e.g., United States v. Kealoha, No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw. July 6, 2020).  Similarly, "the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release …." United States v. Rader, No. 17-0089, 2020 U.S. Dist. LEXIS 128835, at *8 (D. Md. July 22, 2020).  Likewise, generalized COVID-19-related risks that apply to all inmates are insufficient to warrant relief. See United States v. Freed, No. 11-00132, 2020 U.S. Dist. LEXIS 170971, at *16 (W.D. Pa. Sep. 18, 2020).

The Government first argues that Defendant has not exhausted her administrative remedies. It asserts that the Warden's response to Defendant's request for compassionate release referred to COVID-19, but not Defendant's claimed medical conditions.  Here, this does not constitute grounds for denying Defendant's Motion based on failure to exhaust.   Cf. United States v. Davidson, No. 2:16-cr-00139-2, 2020 U.S. Dist. LEXIS 150887 (W.D. Pa. Aug. 20, 2020).

In this case, Defendant, who was born in 1990, asserts that she suffers from hypertension and obesity. She has submitted materials regarding the spread of COVID-19 in prisons, and the attendant risks.   Defendant has attached medical records to her Reply that indicate that she suffers from hypertension, but the Court did not discern any suggestion of obesity. Thus, the

record does not allow the Court to assess the nature and severity of her alleged obesity. Regarding hypertension, the CDC states that hypertension "might" place a person at increased risk for complications from COVID-19. https://cdc.gov/coronavirus (accessed Oct. 8, 2020). Courts have indicated that hypertension alone does not generally constitute an extraordinary and compelling circumstance that justifies relief under Section 3582. See, e.g., United States v. Dillon, No. 03-252, 2020 U.S. Dist. LEXIS 170575, at *5 (E.D. La. Sep. 17, 2020); United States v. Frederick H. Banks, No. 2:15-cr-00168, 2020 U.S. Dist. LEXIS 152790, at *11 (W.D. Pa. July 30, 2020); United States v. Thornton, No. 18-167, 2020 U.S. Dist. LEXIS 134434, at *8 (W.D. Pa. July 29, 2020).  Moreover, at FPC Alderson there are three positive inmates, and no positive staff.  https://www.bop.gov/coronavirus/ (accessed Oct. 22, 2020).  FPC Alderson, a minimum security facility, houses 547 inmates.  https://www.bop.gov/locations/institutions/ald/ (accessed Oct. 22, 2020).  Moreover, the BOP continues to implement its COVID-19 Action Plan.  www.bop.gov/coronavirus/overview.jsp#bop_emergency_response (accessed Oct. 22, 2020).  Absent additional evidence, Defendant has not demonstrated extraordinary and compelling circumstances sufficient to warrant her release.[3]

## CONCLUSION

The Court does not minimize Defendant's situation, or the fear of contracting COVID-19. Nonetheless, I cannot find that extraordinary and compelling reasons warrant modifying Defendant's sentence at this juncture.  Modification must be grounded on such reasons; compassion alone is not enough, nor is it enough that other applicable factors, such as those identified in Section 3553, might support release.  Based on the present record, I conclude that

---

[3] If extraordinary and compelling reasons are not present, the Court need not consider the factors set forth in 18 U.S.C. § 3553. United States v. McDonald, No. 09-656, 2020 U.S. Dist. LEXIS 117709, at *7 n.4 (D.N.J. July 2, 2020).

Defendant's original sentence remains sufficient, but not greater than necessary, to meet all of the goals of sentencing.  Her Motion will be denied at this time.  An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: October 22, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES )
) CR 18-162
)
    v.

LATISHA BUTLER

**ORDER**

    AND NOW, this 22nd day of October, 2020, it is hereby ORDERED, ADJUDGED, and

DECREED that Defendant's Motion to Expand the Record is GRANTED, as the Court has

considered all of her submissions.  Upon such consideration, her Motion for Compassionate

Release is DENIED.

                   BY THE COURT:

                   *Saretta F. Ambrose*

                   _____